**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:

**JAMES FATKIN,**          CASE NO. 6:18-bk-04414
**EUGENIA CLEMENTS,**

    Debtor(s).
_____

## CHAPTER 13 PLAN

**A.    NOTICES.**

**Debtor[1] must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the Plan.**

| | | |
|---|---|---|
| A limit on the amount of a secured claim based on a valuation which may result in a partial payment or no payment at all to the secured creditor. See Sections C.5(d) and (e). A separate motion will be filed. | Included ☐ | Not Included ☒ |
| Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest under 11 U.S.C. § 522(f). A separate motion will be filed. See Section C.5(e). | Included ☐ | Not Included ☒ |
| Nonstandard provisions, set out in Section E. | Included ☐ | Not Included ☒ |

**B.    MONTHLY PLAN PAYMENTS.** Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of **60** months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payments under the Plan and may cause an increased distribution to the unsecured class of creditors.

    **$1477.00**    from month **1**          through **60**         .
    $_____    from month _____ through _____.
    $_____    from month _____ through _____.

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

**C.     PROPOSED DISTRIBUTIONS.**

    **1.     ADMINISTRATIVE ATTORNEY'S FEES.**

**Base Fee $4,335**          **Total Paid Prepetition $ 2,335**     **Balance Due $2,000**

**MMM Fee $**_____          **Total Paid Prepetition $**_____     **Balance Due $**_____

**Estimated Monitoring Fee at $per Month.**

**Attorney's Fees Payable Through Plan at $33.33  Monthly (subject to adjustment).**

    **2.     DOMESTIC SUPPORT OBLIGATIONS (as defined in 11 U.S.C. §101(14A).**

| Acct. No. | Creditor | Total Claim Amount |
|---|---|---|
|   |   |   |
|   |   |   |

    **3.     PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

| Last Four Digits of Acct. No. | Creditor | Total Claim Amount |
|---|---|---|
|   |   |   |
|   |   |   |

    **4.     TRUSTEE FEES.** From each payment received from Debtor, the Trustee shall receive a fee, the percentage of which is fixed periodically by the United States Trustee.

    **5.     SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments. The Trustee shall disburse adequate protection payments to secured creditors prior to confirmation, as soon as practicable, if the Plan provides for payment to the secured creditor, the secured creditor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor under § 501(c), and no objection to the claim is pending. If Debtor's payments under the Plan are timely paid, payments to secured creditors under the Plan shall be deemed contractually paid on time.

**(a)  Claims Secured by Debtor's Principal Residence Which Debtor Intends to Retain - Mortgage, HOA and Condo Association Payments, and Arrears, if any, Paid Through the Plan.** If the Plan provides for curing prepetition arrearages on a mortgage on Debtor's principal residence, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments for Debtor's principal residence on the following mortgage claims:

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
| | Ditech Financial | 206 Larkspur Ct., Kissimmee, FL | $489.29 | $8.16 | $20,890 @ $348.16/mo |
| | | | | | |
| | | | | | |

**(b)  Claims Secured by Other Real Property Which Debtor Intends to Retain - Mortgage Payments, HOA and Condo Association Payments, and Arrears, if any, Paid Through the Plan.** If the Plan provides to cure prepetition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments on the following mortgage claims:

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**(c)    Claims Secured by Real Property - Debtor Intends to Seek Mortgage Modification.** If Debtor obtains a modification of the mortgage, the modified payments shall be paid through the Plan. Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowners association fees), or the normal monthly contractual mortgage payment; or (2) for *non-homestead,* income-producing property, 75% of the gross rental income generated from the property.

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Adequate Protection Payment |
|---|---|---|---|
| | | | |
| | | | |

**(d)    Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES (Strip Down).** Under 11 U.S.C. § 1322 (b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. **A separate motion to determine secured status or to value the collateral must be filed.** The secured portion of the claim, estimated below, shall be paid. Unless otherwise stated in Section E, the payment through the Plan does not include payments for escrowed property taxes or insurance.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Value | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

**(e)    Liens to be Avoided Under 11 U.S.C. § 522 or Stripped Off Under 11 U.S.C. § 506.** Debtor must file a separate motion under § 522 to avoid a judicial lien or a nonpossessory, nonpurchase money security interest because it impairs an exemption or under § 506 to determine secured status and to strip a lien.

| Last Four Digits of Acct. No. | Creditor | Collateral Description / Address |
|---|---|---|
| | | |
| | | |

**(f)** **Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY Under the Final Paragraph in 11 U.S.C. § 1325(a).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor; or (2) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the Plan with interest at the rate stated below.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
| | Hyundai Finance | 2016 Hyundai Tucson | $21320 | $417.00 (1-60) | 6.5% |
| | | | | | |

**(g)** **Claims Secured by Real or Personal Property to be Paid with Interest Through the Plan under 11 U.S.C. § 1322(b)(2).** The following secured claims will be paid in full under the Plan with interest at the rate stated below.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**(h)** **Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearage, if any, with All Payments in Plan.**

| Last Four Digits of Acct. No. | Creditor | Collateral Description | Regular Contractual Payment | Arrearage |
|---|---|---|---|---|
| | | | | |
| | | | | |

**(i)    Secured Claims Paid Directly by Debtor.** The following secured claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights.

| Last Four Digits of Acct. No. | Creditor | Property/Collateral |
|---|---|---|
|  |  |  |
|  |  |  |

**(j)    Surrender of Collateral/Property that Secures a Claim.** Debtor will surrender the following collateral/property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor | Collateral/Property Description/Address |
|---|---|---|
|  |  |  |
|  |  |  |

**(k)    Secured Claims That Debtor Does Not Intend to Pay.** Debtor does not intend to make payments to the following secured creditors. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors upon the filing of this Plan. Debtor's state law contract rights and defenses are neither terminated nor abrogated.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/Address |
|---|---|---|
|  |  |  |
|  |  |  |

**6.    LEASES / EXECUTORY CONTRACTS.** As and for adequate protection, the Trustee shall disburse payments to creditors under leases or executory contracts prior to confirmation, as soon as practicable, if the Plan provides for payment to creditor/lessor, the creditor/lessor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor/lessor under § 501(c), and no objection to the claim is pending. If Debtor's

payments under the Plan are timely paid, payments to creditors/lessors under the Plan shall be deemed contractually paid on time.

  **(a) Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid and Arrearages Cured Through the Plan.** Debtor assumes the following leases/executory contracts and proposes the prompt cure of any prepetition arrearage as follows.

| Last Four Digits of Acct. No. | Creditor/Lessor | Description of Leased Property | Regular Contractual Payment | Arrearage and Proposed Cure |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

  **(b) Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid Directly by Debtor.** Debtor assumes the following lease/executory contract claims that are paid via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights.

| Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral |
|---|---|---|
|  |  |  |
|  |  |  |

  **(c) Rejection of Leases/Executory Contracts and Surrender of Real or Personal Leased Property.** Debtor rejects the following leases/executory contracts and will surrender the following leased real or personal property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral to be Surrendered |
|---|---|---|
|  |  |  |
|  |  |  |

      **7.**     **GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than **$900**

**D.**    **GENERAL PLAN PROVISIONS:**

1. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims.

2. Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

3. If Debtor fails to check (a) or (b) below, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise. Property of the estate

    (a) _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise, or

    (b) X_____ shall vest in Debtor upon confirmation of the Plan.

4. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. Unless otherwise ordered by the Court, the Trustee shall only pay creditors with filed and allowed proofs of claim. An allowed proof of claim will control, unless the Court orders otherwise.

5. Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

6. Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide the Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise ordered, consented to by the Trustee, or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing

    agency to apply a refund to the following year's tax liability. **Debtor shall not**

spend any tax refund without first having obtained the Trustee's consent or Court approval.

E.  **NONSTANDARD PROVISIONS as Defined in Federal Rule of Bankruptcy Procedure 3015(c).** Note: Any nonstandard provisions of this Plan other than those set out in this section are deemed void and are stricken.

___

# CERTIFICATION

By filing this document, the Attorney for Debtor, or Debtor, if not represented by an attorney, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Model Plan adopted by this Court, and that this Plan contains no additional or deleted wording or nonstandard provisions other than any nonstandard provisions included in Section E.

SIGNATURE(S):

Debtor(s)

/s/ James Fatkin                    Date: 7/24/2018
JAMES FATKIN


/s/ Eugenia Clements                Date: 7/24/2018
EUGENIA CLEMENTS


Attorney for Debtor(s)


/s/ J. Craig Bourne                 Date: 7/24/2018
J. Craig Bourne

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the Debtors' Chapter 13 Plan has been furnished on July 24, 2018, to the following creditors or interested persons by either electronic transmission or via U.S. Mail:

Debtors: James Fatkin & Eugenia Clements, 2016 Larkspur Court, Kissimmee, FL 34743
Chapter 13 Trustee, Laurie K. Weatherford, P.O. Box 3450, Winter Park, FL 32790
All listed creditors and interested parties on the attached mailing matrix

                /s/ J. Craig Bourne
                J. CRAIG BOURNE, ESQUIRE
                Florida Bar No. 999466
                1520 E. Livingston St.
                Orlando, FL 32803
                Tel: (407) 894-6750
                Fax: (407) 894-4735
                E-mail: craigbournelaw@yahoo.com
                Attorney for the Debtors

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:18-bk-04414<br>Middle District of Florida<br>Orlando<br>Tue Jul 24 12:19:56 EDT 2018 | United States Trustee - ORL7/13 7<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 | Advanced Collection Bur<br>Pob 560063<br>Rockledge, Florida 32956-0063 |
| Afni Inc<br>Pob 3517<br>Bloomington, Illinois 61702-3517 | Aldridge Pite LLP<br>1615 South Congress Ave<br>Ste 200<br>Delray Beach, FL 33445-6326 | Alliance One<br>Pob 510267<br>Livonia, Michigan 48151-6267 |
| AmericaWedLoan<br>2128 N 14th St<br>Ste 1, #130<br>Oklahoma City, Oklahoma 74601-1831 | American Med<br>1519 Boettler Rd<br>Uniontown, Ohio 44685-7761 | Axis Advance<br>Pob 645<br>Santa Ysabel, California 92070-0645 |
| CF Medical LLC<br>Pob 788<br>Kirkland, Washington 98083-0788 | Capio Partners<br>2222 Texoma Pkwy<br>Ste 150<br>Sherman, Texas 75090-2481 | Cashnet USA<br>175 W Jackson Blvd<br>Ste 1000<br>Chicago, Illinois 60604-2863 |
| Central Florida Hospital<br>c/o Advanced Collection<br>Pob 560063<br>Rockledge, Florida 32956-0063 | Commonwealth FInancial Systems<br>245 Main St.<br>Dickson City, Pennsylvania 18519-1641 | Credit Collections Svc<br>Pob 607<br>Norwood, MA 02062-0607 |
| Credit Management LP<br>4200 International Pkwy<br>Carrollton, Texas 75007-1912 | Credit Protection Association LP<br>13355 Noel Rd<br>Ste 2100<br>Dallas, Texas 75240-6837 | David Jablonski<br>c/o MJ Altman Companies<br>205 S Magnolia Ave<br>Ocala, Florida 34471-1157 |
| Directv llc<br>c/o American Infosource LP<br>Pob 5008<br>Carol Stream, Illinois 60197-5008 | Ditech Financial LLC<br>Pob 6154<br>Rapid City, South Dakota 57709-6154 | Diversified Adjustment Svcs<br>600 Coon Rapids Bvld NW<br>Coon Rapids, MN 55433-5549 |
| Ethan T. Sansoni<br>2601 Watkins Dr<br>Melbourne, Florida 32901-6839 | FAC/NAB<br>480 James Robertson Pkwy<br>Nashville, Tennessee 37219-1212 | First Federal Credit & Collections<br>24700 Chagrin Blvd<br>Ste 2<br>Cleveland, Ohio 44122-5662 |
| First Premier Bank<br>601 S Minnesota Ave<br>Sioux Falls, South Dakota 57104-4868 | Florida Department of Revenue<br>Bankruptcy Unit<br>Post Office Box 6668<br>Tallahassee FL 32314-6668 | Florida Hospital<br>Patient Financial Services<br>Pob 538800<br>Orlando, Florida 32853-8800 |
| Florida Hospital Medical Group<br>Pob 14099<br>Belfast, Maine 04915-4034 | (p)GOLD KEY CREDIT INC<br>PO BOX 15670<br>BROOKSVILLE FL 34604-0122 | Hyundai Motor Finance<br>Pob 20809<br>Fountain Valley, California 92728-0809 |

| | | |
|---|---|---|
| IC Systems Inc<br>Pob 64378<br>Saint Paul, Minnesota 55164-0378 | Internal Revenue Service<br>Post Office Box 7346<br>Philadelphia PA 19101-7346 | J & C Fence<br>1192 E Carroll St<br>Kissimmee, Florida 34744-1404 |
| (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | LVNV Funding LLC<br>c/o Resurgent Capital Svcs<br>Pob 1269<br>Greenville, South Carolina 29602-1269 | Med Business Bureau<br>1460 Renaissance Dr<br>Park Ridge, Illinois 60068-1349 |
| Medicredit<br>Pob 1629<br>Maryland Heights, Missouri 63043-0629 | Neptune Bay Apt<br>527 Neptune Bay Circle<br>Saint Cloud, Florida 34769-7005 | Osceola County Tax Collector<br>Attn:  Patsy Heffner<br>Post Office Box 422105<br>Kissimmee FL 34742-2105 |
| Portfolio Recovery Svcs<br>140 Corporate Blvd<br>Norfolk, Virginia 23502-4952 | Preferred Collection<br>1000 N Ashley Dr<br>Ste 600<br>Tampa, Florida 33602-3723 | (p)PROFESSIONAL DEBT MEDIATION<br>7948 BAYMEADOWS WAY<br>2ND FLOOR<br>JACKSONVILLE FL 32256-8539 |
| Resurgent Capital Services<br>Pob 10587<br>Greenville, South Carolina 29603-0587 | Shafritz & Assoc<br>601 N Congress Ave<br>Ste 4<br>Delray Beach, Florida 33445-4641 | (p)T MOBILE<br>C O AMERICAN INFOSOURCE LP<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118-7901 |
| TSI<br>507 Prudential Rd<br>Horsham, Pennsylvania 19044-2308 | US Dept of Ed/Great Lakes<br>Pob 7860<br>Madison, Wisconsin 53707-7860 | US Dept of Education<br>Claims Filing Unit<br>Pob 8973<br>Madison, Wisconsin 53708-8973 |
| Eugenia A. Clements<br>206 Larkspur Court<br>Kissimmmee, FL 34743-5327 | J Craig Bourne<br>Law Office of J Craig Bourne<br>1520 East Livingston Street<br>Orlando, FL 32803-5436 | James K. Fatkin<br>206 Larkspur Court<br>Kissimmee, FL 34743-5327 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Gold Key Credit<br>Pob 15670<br>Brooksville, Florida 34604 | Jefferson Capital Systems LLC<br>Pob 7999<br>Saint Cloud, Minnesota 56302 | Professional Debt Mediation<br>7948 Baymeadows Way Fl 2<br>Jacksonville, Florida 32256 |
| T-Mobile<br>12920 SE 38th St<br>Bellevue, Washington 98006 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)Commonwealth Financial Systems<br>245 Main St<br>Dickson City, Pennsylvania 18519-1641 | End of Label Matrix<br>Mailable recipients    50<br>Bypassed recipients     1<br>Total                  51 |